## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## CIVIL DIVISION

| | | |
|---|---|---|
| RASAGNYA VISWANADHA | ) | COMPLAINT FOR |
| 217 Salman Drive | ) | DECLARATORY AND |
| Warsaw, IN 46580 | ) | INJUNCTIVE RELIEF |
| | ) | PURSUANT TO THE |
| and, | ) | ADMINISTRATIVE |
| | ) | PROCEDURE ACT, |
| ZIMMER, INC. | ) | 5 U.S.C. § 701, *et seq.* |
| 56 E. Bell Drive | ) | |
| Warsaw, IN 46582 | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | |
| ALEJANDRO MAYORKAS, | ) | |
| Secretary of the Department of Homeland | ) | |
| Security, c/o Office of the General Counsel | ) | |
| U.S. Department of Homeland Security | ) | |
| 2707 Martin Luther King Jr. Ave, SE | ) | |
| Washington, DC 20528-0485 | ) | |
| | ) | |
| UR M. JADDOU, Director, | ) | |
| U.S. Citizenship and Immigration Services, | ) | |
| % Office of Legal Counsel, | ) | |
| 5900 Capital Gateway Drive, | ) | |
| Mail Stop 2120 | ) | |
| Camp Springs, MD 20588-0009 | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| US CITIZENSHIP AND IMMIGRATION | ) | |
| SERVICES, c/o Office of the Chief Counsel | ) | |
| 5900 Capital Gateway Drive, | ) | |
| Mail Stop 2120 | ) | |
| Camp Springs, MD 20588-0009 | ) | |

## INTRODUCTION

1. This matter involves the continued request for immigration benefits and work authorization for a foreign national involved in significant biomedical research during the COVID-19 global pandemic.

2. Plaintiff Zimmer Biomet, d/b/a Zimmer Inc., (hereinafter "Plaintiff Zimmer" or "Zimmer, Inc."), sought to continue to employ an eminently qualified foreign national, Dr. Rasagnya Viswanadha (hereinafter "Plaintiff Viswanadha" or "Dr. Viswanadha"), in the role of Principal Research Scientist. Plaintiff Viswanadha had been employed in the same position since April 2018 pursuant to a lawful H-1B visa. In order to continue employing Plaintiff Viswanadha, Plaintiff Zimmer sought an employment-based visa—specifically, an EB-1 visa—on her behalf, as an outstanding researcher in the fields of both Cell Biology and Physiology.

3. EB-1B visas are reserved for those foreign nationals demonstrating that they are internationally recognized in a given field as an outstanding professor or researcher. These visas, when approved through the initial filing of a Form I-140, Petition for Alien Worker, allow qualified foreign nationals to lawfully live and work in the United States.

4. Plaintiff Zimmer followed all required steps and submitted sufficient evidence for Defendant United States Citizenship and Immigration Services (hereinafter

"USCIS") to approve its Form I-140, Immigrant Petition for Alien Worker, (Receipt No. LIN2090545211) (hereinafter, "the Petition" or "I-140 Petition") filed on behalf of Plaintiff Viswanathan. However, despite presenting extensive documentation of Plaintiff Viswanadha's credentials, USCIS ultimately denied the Petition.

5.  USCIS' denial of the I-140 Petition arises from the erroneous conclusion that Plaintiff Viswanadha, despite meeting the necessary evidentiary criteria for the classification, including scientific contributions to the field and scholastic profile, did not establish that she is recognized as an outstanding researcher, internationally recognized in the field.

6.  Indeed, Plaintiffs have clearly established, by a preponderance of the evidence, that Dr. Viswanadha is internationally recognized as an outstanding researcher in the field of Cell Biology and Physiology. The Administrative Record presented by Plaintiffs in this matter is extensive, and Plaintiffs have collectively offered over fifteen hundred pages of academic evidence, scholarly publications, independent research and significant professional achievements, which conclusively outline Plaintiff Viswanadha's classification as an outstanding researcher.

7.  Plaintiffs now ask this Honorable Court to enter an order setting aside the decision of USCIS as arbitrary and capricious which erroneously denied

Plaintiff's I-140 Petition filed on Plaintiff Viswanadha's behalf. Moreover, Plaintiffs request that his Court classify Plaintiff Viswanadha as an outstanding researcher, formally grant the Petition, and award any further relief as it may deem appropriate.

## JURISDICTION

8. This case arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq. and the Administrative Procedure Act ("APA") 5 U.S.C. § 701 et seq. The U.S. District Court for the Northern District of Indiana has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as the issue relates to a federal question. This Court also has authority to grant declaratory relief under 28 U.S.C. § 2201, and injunctive relief under the APA. The United States has waived its sovereign immunity as a judgment or decree may be entered against the United States under 5 U.S.C. § 702.

## VENUE

9. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2)(A), because this is a civil action where a substantial part of the events of omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated within the Northern District of Indiana

## EXHAUSTION

10. The August 12, 2020 denial of the Petition constitutes a final agency action pursuant to the APA, 5 U.S.C. § 701, *et seq*. While neither the Immigration and Nationality Act nor implementing regulations at 8 C.F.R. § 103.3(a) requires an administrative appeal of the denial, Plaintiffs filed an I-290B Notice of Appeal to the Administrative Appeals Office (AAO) with regard to the Petition. On September 17, 2021 the AAO dismissed Plaintiffs' appeal. Plaintiffs have no additional administrative remedies to exhaust.

## PARTIES

11. Plaintiff Zimmer d/b/a Zimmer, Inc. is a corporation founded in 1927, and headquartered in Warsaw, Indiana. Zimmer, Inc. is a subsidiary of Zimmer Biomet Holdings, Inc. As a leader in musculoskeletal healthcare, Zimmer specializes in the design and manufacture of orthopedic reconstructive products. Zimmer, Inc., as an international operating company, saw sales of approximately $7.9 billion in 2019. Zimmer Biomet, as of 2020, employed 18,500 employees internationally. As part of its vast biomedical product line, Zimmer deploys 3D print technologies to produce customized biomedical devices. Zimmer employs a vast number of scientists and researchers, essential in the design, and development of its healthcare products. During the COVID-19 pandemic, Zimmer has played an integral role in responding to the pandemic

by leveraging its 3D print technology to produce personal protective equipment (PPE).

12. Plaintiff, Dr. Rasagnya Viswanadha, is a Principal Research Scientist, and Canadian national, employed by Plaintiff Zimmer since 2018. Plaintiff Viswanadha holds a Bachelor of Science degree in Biochemistry from McMaster University in Canada. Moreover, she holds a Doctorate of Philosophy in Cellular Biology awarded by Emory University, School of Medicine, in Atlanta, Georgia. Plaintiff Viswanadha's work with Plaintiff Zimmer is focused on biocompatibility and overall biological safety of orthopedic devices. She has been instrumental in developing health and safety protocols to address COVID-19 for Plaintiff Zimmer's research facilities. Plaintiff Viswanadha has a net worth of less than USD $7 million as contemplated by the *Equal Access to Justice Act*, 28 U.S.C. § 2412

13. Defendant Alejandro Mayorkas, in his official capacity, is the Secretary of the Department of Homeland Security which is charged with protecting United States interests and safety under 6 U.S.C. § 101, *et seq*. Defendant Mayorkas oversees the administration of USCIS as the agency comes under his responsibility as head of the Department of Homeland Security.

14. Defendant USCIS is an entity within the Department of Homeland Security, pursuant to 6 U.S.C. § 271, and is defined as an "agency" within the meaning

of the APA. 5 U.S.C. § 551(1). USCIS is responsible for the adjudication of immigration benefits, including immigrant visa petitions, and it is the agency that denied the instant Petition.

15. Defendant, Ur M. Jaddou, in her official capacity, as Director of USCIS, oversees the adjudication of immigration benefits within the United States. Director Jaddou has final responsibility for the review and ultimate denial of Plaintiffs' Petition.

## APPLICABLE LAW

16. Immigration law, through the Immigration and Nationality Act (INA) and the implementing regulations, provides the framework whereby U.S. employers may employ foreign nationals on a temporary or permanent basis and seek corresponding visas for those foreign national employees. 8 U.S.C.A. § 1101.

17. Through USCIS, foreign nationals can pursue various pathways to entry to the United States for employment purposes. Such employment-based programs are categorized and commonly referenced as the "EB" visas. The EB-1 visa category consists of three subcategories, one of these is the EB-1B visa category for outstanding researchers, which is at issue in the present case. 8 U.S.C.A. § 1101.

18. Specifically, INA § 1153(b), provides for the allocation of visas for certain employment-based immigrants, designated as priority workers, including those

immigrants designated as outstanding professors and researchers. *See* 8 U.S.C. § 1153(b). This provision of the INA also provides the relevant framework by which petitioning employers may seek to employ such qualified outstanding foreign national researchers or professors.

19. Designated as the EB-1 visa, this visa category is only available to outstanding professors and researchers. Indeed, such an individual may be eligible for this visa upon demonstration of certain threshold requirements, including:

    i. The alien is recognized internationally as outstanding in a specific academic area;

    ii. The alien has at least 3 years of experience in teaching or research in the academic area; and

    iii. The alien seeks to enter–

        1. For a tenured position…within a university or institution of higher education to teach in the academic area

        2. For a comparable position with a university or institution of higher education to conduct research in the area, or

        3. For a comparable position to conduct research in the area with a department, division, or institute of a private employer, if the department, division, or institute employs at least 3 persons full-time in research activities and has achieved documented accomplishments in an academic field. 8 U.S.C. §1153(b)(1)(B)(i)-(iii).

20. Foreign nationals seeking EB-1 visas for outstanding researchers or professors must, as a threshold matter, demonstrate that they have at least three years' experience of either teaching, or researching in their specific field. 8 U.S.C.A. §1153(b)(1)(B)(ii).

21. In addition to the three years of experience, a petitioner must also submit

evidence of at least two of the six criteria enumerated by the federal regulations.

*See* 8 C.F.R. § 204.5(i)(3)(i)(A)-(F). Such evidentiary criteria includes:

> A. Documentation of the alien's receipt of major prizes or awards for outstanding achievement in the academic field;
> B. Documentation of the alien's membership in associations in the academic field which require outstanding achievements of their members;
> C. Published material in professional publications written by others about the alien's work in the academic field. Such material shall include the title, date, and author of the material, and any necessary translation;
> D. Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied academic field;
> E. Evidence of the alien's original scientific or scholarly research contributions to the academic field; or
> F. Evidence of the alien's authorship of scholarly books or articles (in scholarly journals with international circulation) in the academic field. 8 C.F.R. § 204.5(i)(3)(i)(A)-(F).

22. When adjudicating petitions to determine whether a beneficiary is an

outstanding professor or researcher within the definition of the statute,

Defendant USCIS employs a two-part analysis. *See Kazarian v. U.S.*

*Citizenship & Immigr. Servs*., 596 F.3d 1115 (9th Cir. 2010). The first piece of

the analysis requires an adjudicator to assess the evidence submitted and

whether it meets at least two of the six criteria enumerated in the regulations,

and stated above. *See* 8 C.F.R. § 204.5(i)(3)(i)(A)-(F).

23. The second part then requires a final merits determination to be made, considering "the evidence in its totality" demonstrates that the beneficiary is internationally recognized as outstanding in her or her academic field." This determination, in sum, seeks to identify whether the professor or researcher has demonstrated such expertise or recognition that is "significantly above that ordinarily encountered" in the field.[1]

24. The evidentiary burden is placed squarely on Plaintiffs, like Plaintiffs Zimmer and Viswanadha, in immigration proceedings such as this. *See* 8 U.S.C. § 1361. However, the burden of proof which Plaintiffs must demonstrate is simply "preponderance of the evidence." *See Matter of Chawathe*, 25 I & N Dec. 369 (AAO Oct. 20, 2010).

25. Defendant USCIS explains this standard as meaning:

> [T]he petitioner or applicant must show that what he or she claims is more likely so than not so. This is a lower standard of proof than both the standard of "clear and convincing," and the standard "beyond a reasonable doubt" that typically applies to criminal cases. The petitioner or applicant does not need to remove all doubt from our adjudication. Even if an adjudicator has some doubt as to the truth, if the petitioner or applicant submits relevant, probative, and credible evidence that leads to the conclusion that the claim is 'more likely than not' or 'probably true,' the petitioner or applicant has satisfied the standard of proof.
> PM-602-0083.

---

[1] USCIS December 22, 2010 Policy Memorandum, entitled "Evaluation of Evidence Submitted with Certain Form I-140 Petitions," PM-602-005.1.

26. More simply stated, the preponderance of the evidence standard does not require proof that would rise to the level of beyond a reasonable doubt. Instead, the preponderance of the evidence standard is 50% likelihood plus an infinitely small fraction. *Matter of Soo Hoo*, 11 I&N Dec. 151 (BIA 1965); *Matter of Patel*, 19 I&N Dec. 774 (BIA 1988); *Matter of Martinez*, 21 I&N Dec. 1035 (BIA 1997).

27. Accordingly, Plaintiffs here must prove that Plaintiff Viswanadha seeking qualified employment under the statutory provisions, has at least 3 years of experience researching in the field, and is an outstanding researcher in her field, having sustained international recognition for her work. See 8 U.S.C. § 1153(b)(1)(B).

## PROCEDURAL AND FACTUAL BACKGROUND

28. Plaintiff Zimmer has employed Plaintiff Viswanadha since April 2018 as a Principal Research Scientist. Plaintiff Viswanadha has maintained her lawful status as an H-1B visa holder, and has been continuously employed with Plaintiff Zimmer since 2018 at the company's Warsaw Indiana location. *See* Plaintiffs' Exhibit A, p. 1.

29. Plaintiff Zimmer, desiring to continue to employ Plaintiff Viswanadha on a permanent basis, filed the I-140 Petition on her behalf to classify her as EB-1B

outstanding researcher in her field and obtain permanent immigration benefits for her. *See* Plaintiffs' Exhibit B.

30. Indeed, Plaintiff Zimmer sought to employ Plaintiff Viswanadha on a permanent basis based on her exceptional educational credentials, extensive research experience, and documented outstanding accomplishments in the fields of Cell Biology and Physiology. *See* Plaintiffs' Exhibit A, p. 1.

31. Plaintiff Viswanadha's continued employment with Plaintiff Zimmer was particularly critical, as she was instrumental in Plaintiff Zimmer's response to the COVID-19 pandemic. Plaintiff Zimmer has "dedicated half of its production floors in manufacturing to producing the PPEs" and "is also producing valves used in ventilators that are in extreme shortage in the United States." *Id.* at p. 1, ¶ 2.

32. Given Plaintiff Viswanadha's position and expertise in Cell Biology and Physiology, she was instrumental in overseeing the compliance efforts necessary to support Plaintiff Zimmer's product response to the COVID-19 pandemic. *Id.*

33. The position of Principal Research Scientist requires the performance of numerous complex and technical duties which requires high-level expertise and research ability. Duties of the position include: development and launch of musculoskeletal products, with supporting scientific evidence and research;

development and implementation of research protocols for clinical and non-clinical research; collaboration with Ho product teams to determine research and evidentiary needs for various project initiatives; extensive data analysis in production of additional research and publications; and, significant oversight of compliance efforts across multiple production efforts. *See* Plaintiffs' Exhibit C, p. 2.

34. Given Plaintiff Viswanadha's significant contributions to the field, and ongoing contributions to Plaintiff Zimmer's research, the company sought to continue her employment on a permanent basis. On April 8, 2020, (Receipt No. LIN2090296955) Plaintiff Zimmer submitted Form I-140, Immigrant Petition for Alien Worker, on behalf of Plaintiff Viswanadha, along with a substantial body of evidence supporting Plaintiff Viswanadha's eligibility for an EB-1B visa as an outstanding researcher. *See* Plaintiffs' Exhibit B.[2]

35. On or about June 29, 2020, Defendant USCIS issued a *Notice of Intent to Deny* (hereinafter "NOID"), in response to Plaintiff Zimmer's filed I-140 petition. *See* Plaintiffs' Exhibit D. Defendant USCIS' own notice stated that, despite having submitted all required evidence, the reviewing official found that the

---

[2] Please note that Plaintiffs have not included the full evidentiary submission to the court because the volume of the filing is immense and encompasses over 1500 pages in total to demonstrate Plaintiff Viswanadha's ability as an outstanding researcher.

totality of the evidence failed to establish eligibility. *See* Plaintiffs' Exhibit D, p. 1.

36. Plaintiffs provided a substantive response and included additional evidence of a grant from the American Heart Association, travel award from the American Society of Cell Biology, Zimmer Biomet Impact Award and additional professional certifications from NAMSA coursework. Indeed, Plaintiffs included evidence of membership in top-tier medical research organizations, including the American Society of Cell Biology (ASCB), Advanced Medical Technology Association (AMTA), and American Pain Society (APS) among other groups. *Id,* at p. 2, ¶ 6-7; p. 3, ¶ 2.

37. Beyond her involvement with these organizations and award grants, Plaintiff Viswanadha provided additional evidence of her individual contributions to her academic field.  Plaintiffs cited Dr. Viswanadha's "first authored research" papers and a comprehensive list of citations to that research by other academics and researchers. *Id.* at p. 3; p. , ¶ 2-4. Moreover, Dr. Viswanadha holds four patents with several additional applications pending—a fact which Defendant USCIS reasons was "not necessarily evidence of a track record of success." *Id.* at p. 6, ¶ 1-3.

38. Dr. Viswanadha provided letters of reference from twenty-one experts in her field attesting to her contributions. *Id.* at p. 4, ¶ 1.

39. Despite this extensive evidence, on August 12, 2020, Defendants denied the Petition. In the decision, Defendant USCIS' admitted that based on the submitted evidence, Plaintiffs had established that Dr. Viswanadha had indeed "met at least two of the six regulatory criteria" as required by the regulations at 8 C.F.R. 204.5(i)(3)(i). *See* Plaintiffs' Exhibit E. at p.1, ¶ 4.

40. Specifically, Defendant USCIS determined that Plaintiff Viswanadha had met the necessary regulatory criteria of her participation "as the judge of the work of others" and of her "authorship of scholarly books or articles." *Id*. at 4, ¶ 7; p. 6, ¶ 3; *see also* 8 C.F.R. 204.5(i)(3)(i)(D), and (F).

41. Defendant USCIS based their intent to deny in part on the erroneous assertion that documentary evidence provided with the petition had failed to establish under the "totality of the circumstances" that she was an outstanding professor or researcher, internationally recognized.

42. Defendant USCIS, in their final determination, failed to consider the regulatory criteria and the totality of the evidence provided, and erred in concluding that evidence of both Plaintiff Viswanadha's original scientific contributions, professional publications, patents and publications did not meet the standard set out at 8 C.F.R. 204.5(i)(3). The August 12, 2020 Decision is erroneous based on the evidence provided and the regulatory standard.

43. Indeed, Defendant USCIS' Decision contained errors of law—notably, that USCIS would not "recognize citations as evidence" of publications written by others regarding the foreign national's work in the academic field. However, this is contrary to law as the Administrative Appeals Office has previously stated that "citations themselves verify a reliance" on the foreign national's work. *Matter of G-US, Inc.*, (AAO NSC Dec. 20, 2017). It has also previously held that a large number of citations of the petitioner's work are an important factor in determining their international recognition in the field. *See Matter of __* (AAO, TSC, Dec. 23, 2011)

44. Based on this error of law and the general minimization of Dr. Viswanadha's credentials, Plaintiffs appealed the decision alleging that Defendant USCIS had "overlooked or did not properly evaluate evidence in the record, and that this evidence establishes that the Beneficiary qualifies under the high standards of this immigrant visa classification." *See* Plaintiffs' Exhibit F, p.2, ¶ 3.

45. On appeal the Administrative Appeals Office ("AAO") affirmed the denial and again concluded that Plaintiff Zimmer had not sufficiently demonstrated that Dr. Viswanadha was an internationally recognized outstanding researcher as defined by 8 U.S.C. 1153(b)(1)(B). *See* Paintiffs' Exhibit F.

46. In the final merits determination, Defendant USCIS focused its analysis on the evidentiary criteria as singular entities, failing to take their total evidentiary

weight in sum, in the context of the final merits determination as instructed by *Kazarian*. *See Kazarian v. USCIS*, 596 F.3d 1115 (9th Cir. 2010).

47. Pursuant to the six categories of objective evidence enumerated at 8 C.F.R. § 204.5(i)(3)(i)(A)-(F), Plaintiffs submitted additional evidence demonstrating Dr. Viswanadha's scholarly work, original scientific contributions, and international recognition by other experts in the field.

48. Upon review of the scholarly works written by Plaintiff Viswanadha, and numerous citations to her works, AAO determined that this evidence had established only that "the field has taken some notice of her work," but was not sufficient "to demonstrate a level of attention commensurate with being recognized internationally in her field." *See* Exhibit F, p. 10, ¶ 4.

49. This conclusion, and the burden of proof applied by Defendants USCIS, is arbitrary and capricious because Defendant USCIS failed to give proper weight to the evidence. Plaintiff Viswanadha's outstanding research and scientific achievements offer a substantial impact on the scientific community as a whole, as evidenced by statements submitted by other experts and scholars in the field.

50. As an example, Plaintiffs submitted letters of recognition of Plaintiff Viswanadha, including the following from Dr. Hannah Mitchison, internationally recognized as a pioneer in the field of Ciliary Biology, with more than 8,000 citations to her work:

> Although I do not know Dr. Viswanadha personally, I am familiar with her outstanding research as I have used it as the basis for my own work. Dr. Viswanadha's research on ciliary dynein assembly has laid the foundation for a *multitude of studies* in ciliary biology, as evidenced by the peer-reviewed publications that have cited her work. *See* Exhibit A, p. 6, ¶ 1-2 (emphasis added).

51. The AAO ignored evidence like the statements offered by experts and scholars, affirming the international recognition of Plaintiff Viswanadha's work and the substantial impact of her work in the field, including acting as the foundational basis for other scientific studies and works.

52. Further, the AAO again erred as a matter of law when it concluded that the citations to Plaintiff Viswanadha's work were not sufficient to demonstrate recognition at an international level. *See* Exhibit F, p. 10, ¶ 3. However, the evidence submitted and Plaintiff Viswanadha's work itself clearly shows that her recognition goes beyond mere citation, as statements provided make clear that her research has acted as the basis for other studies.

53. The decision itself states that the "citation history or other evidence of the influence of the Beneficiary's articles can be an indicator to determine the impact and recognition that her work has had on the field." *See* Exhibit F, p. 8, ¶ 4.

54. If scholarly citation to the work of a proposed beneficiary is an indicator of "impact and recognition" on the field in which they operate, evidence that such

work has acted as the foundation for other scientific research must appropriately show significant impact on the field, followed by international recognition. *Id*.

55. Plaintiff Viswanadha's contributions and impact on the field goes beyond foundational research, as her research has led to four patents. *See* Exhibit A, p.7, ¶ 3.[3] Beyond being granted four patents, Plaintiff Viswanadha has continued to produce new innovative technologies, leading to three pending patent applications.[4] *Id*.

56. The decision, while acknowledging the evidence of patents, stated that while "a patent recognizes the originality of the idea…it does not by itself demonstrate recognition or outstanding achievement." *See* Exhibit F, p.8, ¶ 2. The decision stated that the evidence of patents failed to demonstrate both international recognition and impact on the field.

57. The agency's disregard of Dr. Viswanadha's patents, both held and pending, is further evidence of a clear failure to assess the totality of the evidence provided, as is the correct standard in a final merits determination.

58. The AAO decision fails to recognize these "indicator[s]" of "impact and recognition" as part of a totality of the evidence. The decision considered the

---

[3] Dr. Viswanadha's research in the fields of Cell Biology and Physiology has led to four patents: "US 2019/0290352 A1 (WO 2019/183624 A1): System and Method for Controlling Energy Delivered to an Area of Tissue During a Treatment Procedure; and AU 2018/283147A1 (WO 2018/232106 A1): Device to Reduce Steam Pops and Increase Tissue Stability during Radiofrequency Ablation."

[4] Dr. Viswanadha currently has three pending patent applications with the USPTO, all of which are derived from her outstanding research.

statements of other scholars, citations to Plaintiff Viswanadha's work, and scientific contributions, individually, but did not consider the portrait of recognition they compose when considered together as a totality of the evidence.

59. When the evidence is considered correctly, the totality of the evidence provided, Dr. Viswanadha stands as an outstanding, accomplished, and internationally recognized researcher. When considering the research, patents, citations, original research and statements from other experts, Dr. Viswanadha's work has been foundational in bringing forth new research and clinical studies, and patented emerging technologies. Based on the totality of the evidence, Dr. Viswanadha is an internationally recognized, outstanding researcher, having made significant contributions in her field.

60. Proper consideration of the totality of the evidence provided, leads to the singular reasonable conclusion that Plaintiffs met their evidentiary burden, and should be granted approval of the Petition.

## PRAYER FOR RELIEF

## COUNT I
## Violation of the Administrative Procedure Act 5 U.S.C. § 701, *et seq*.

61. Plaintiffs re-allege and incorporate by reference, as if fully restated, the facts and allegations in all preceding paragraphs.

62. Defendant USCIS erred in its application of INA § 203(b)(1)(B) and 8 C.F.R. § 204.5(i)(3)(i) in denying Plaintiffs' I-140 Petition.

63. Plaintiffs have proven by a preponderance of the evidence that Plaintiff Viswanadha is an outstanding researcher as defined by the Immigration and Nationality Act. *See* 8 U.S.C. § 1153(b)(1)(B).

64. Defendant USCIS misapplied the evidentiary burden and erred as a matter of law in finding that Plaintiff Viswanadha was not an outstanding researcher having sustained international recognition.

65. Defendant USCIS failed to properly acknowledge the substantial impact of Plaintiff Viswanadha's original research and scientific contributions to the field, despite numerous scholarly publications and citations to her work.

66. Defendant USCIS erroneously denied Plaintiffs' I-140 Petition and the decision is arbitrary and capricious and against the weight of evidence.

67. Defendants have acted arbitrarily and capriciously by failing to adhere to a review of the totality of the evidence, and failing to find, that the Petition is supported by sufficient evidence.

68. Under 5 U.S.C. § 702 and § 704, Plaintiffs have been aggrieved by an agency decision for which there is no additional remedy.  As such, Plaintiffs now seeks declaratory and injunctive relief to overturn the prior decision of a United States agency as being arbitrary and capricious and against the weight of evidence.

**WHEREFORE**, Plaintiffs request the following relief from the Northern District of Indiana:

A. Declaratory Judgment finding that the August 12, 2020 decision (and subsequent AAO decision dated September 17, 2021) denying the I-140 Petition filed on behalf of Dr. Viswanadha was both arbitrary and capricious and in violation of the APA under 5 U.S.C. § 706(2)(A);

B. Declaratory Judgment vacating the denial of the I-140 Petition and remanding the Petition to Defendants with instructions to approve the Form I-140, and formally find the evidence submitted demonstrates Dr. Viswanadha is recognized internationally within her field as outstanding. 8 U.S.C. § 1153(b)(1)(B);

C.  Award Plaintiffs costs of this action pursuant to 28 U.S.C. § 2412(b), *et seq*.;

and,

D.  Any and all other relief this court deems equitable and just.

Respectfully submitted for Plaintiffs,


/S/ Stephen Antwine_____
Stephen J. Antwine, Esquire
*Pro Hac Vice* Admission Pending
Pennsylvania Bar No. 309379
Green & Spiegel, LLC
1524 Delancey Street, Suite 4
Philadelphia, Pennsylvania 19102
Tel: (215) 395-8959
Fax: (401) 454-7880
santwine@gands-us.com

# Certificate of Service

I hereby certify that the foregoing complaint will be served as soon as the summons is available on the following persons by certified mail, return receipt requested, and that the appropriate proof of filing will be provided to this Court timely.

ALEJANDRO MAYORKAS,
Secretary of the Department of Homeland
Security, c/o Office of the General Counsel
U.S. Department of Homeland Security
2707 Martin Luther King Jr. Ave, SE
Washington, DC 20528-0485

UR M. JADDOU, Director,
U.S. Citizenship and Immigration Services,
% Office of Legal Counsel,
5900 Capital Gateway Drive, Mail Stop 2120
Camp Springs, MD 20588-0009

US CITIZENSHIP AND IMMIGRATION
SERVICES,
c/o Office of the Chief Counsel
5900 Capital Gateway Drive, Mail Stop 2120
Camp Springs, MD 20588-0009

CLIFFORD D. JOHNSON, U.S. Attorney
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, IN 46320

MERRICK GARLAND, Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530

For the Plaintiffs,

/S/ Stephen Antwine_____

Stephen J. Antwine, Esquire
*Pro Hac Vice* Admission Pending
Pennsylvania Bar No. 309379
Green & Spiegel, LLC
1524 Delancey Street, Suite 4
Philadelphia, Pennsylvania 19102
Phone: (215) 395-8959
Fax: (401) 454-7880
santwine@gands-us.com